The People *ex rel.* Swinburne agt. Nolan.

24), *Jenkins* agt. *Adams* (22 *Hun*, 600), and *Dinneck* agt. *Cooley* (3 *N. Y. Civ. Pro. Rep.*, 141).

BEACH and VAN HOESEN, JJ., concurred.

## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK on the Relation of JOHN SWINBURNE agt. MICHAEL N. NOLAN.

*Office and officer — Action against the usurper of an office — Damages how recovered — Final judgment in action for usurping office — When and how fine to be imposed — Code of Civil Procedure, sections 1953, 1956.*

Under section 1953 of the Code of Civil Procedure, by proceedings in the action subsequent to final judgment upon the right and in favor of the person alleged to be entitled to the office, the person thus found entitled to the office may recover in the same action against the defendant the damages which he has sustained in consequence of the defendant's usurpation, intrusion into, unlawful holding, or exercise of the office.

Upon such proceeding in the action, though subsequent to the verdict and judgment upon the title to the office, the defendant is entitled to a hearing and trial.

Section 1956 in terms authorizes the court to impose in an action of this

The People *ex rel.* Swinburne agt. Nolan.

character, a fine, but to justify the imposition, the court should have before it evidence showing that the defendant has been guilty of some act in taking or holding the office from which he has been evicted, which was criminal, or, at least, grossly improper.

It was assumed in the enactment of section 1956 that the evidence given upon the trial of the action would place the court in possession of all the facts upon which it would act, and if the proof given upon the trial shows nothing to justify the imposition of a fine, there is no procedure given to supply the omission.

*Albany, Special Term, June,* 1883.

*Matthew Hale* and *Henry Smith,* for plaintiff.

*Edward Countryman,* for defendant.

WESTBROOK, *J.*— Four days ago (June 25, 1883) a verdict was rendered in the above action (the defendant making no defense) establishing the title of the relator, John Swinburne, to the office of mayor of the city of Albany, and that he was elected to that office at the charter election in April, 1882.

The court has already held that under section 1953 of the Code, by proceedings in the action subsequent to " final judgment * * * upon the right, and in favor of, the person alleged to be entitled " to the office, " the person thus found entitled to the office (John Swinburne) may recover in the same action, against the defendant, the damages which he has sustained, in consequence of the defendant's usurpation, intrusion into, unlawful holding, or exercise of the office."

The court further held, for reasons then stated, and which were so palpable as to command the assent of plaintiff's counsel, that upon such proceeding in the action, though subsequent to the verdict and judgment upon the title to the office, the defendant was entitled to a hearing and trial, provision for which has already been in part made by a rule entered.

The plaintiff's counsel now asks for an inquiry, and an order directing it, by the court, into all the facts and circumstances of the election to the end that the court may impose a fine upon the defendant for the benefit of the people, as it

is authorized to do by section 1956 of the Code of Civil Procedure.

That section provides that where " a defendant is adjudged to be guilty of usurping or intruding into, or unlawfully holding or exercising an office, franchise or privilege, final judgment must be rendered ousting and excluding him therefrom, and in favor of the people or the relator, as the case requires, for the costs of the action; as a part of the final judgment the court may, in its discretion, also award that the defendant, or where there are two or more defendants, that one or more of them pay to the people a fine not exceeding two thousand dollars. The judgment for the fine may be docketed, and an execution may be issued therefrom in favor of the people, as if it had been rendered in an action to recover the fine. The fine, when collected, must be paid into the treasury of the state."

This section in terms authorizes the court to impose, in an action of this character, a fine; but as fines are only imposed as punishment for misconduct, it is clear that to justify the imposition, the court should have before it evidence showing that the defendant has been guilty of some act in taking or holding the office from which he has been evicted which was criminal, or, at least, grossly improper. Nothing hinting or imputing anything of that character was shown upon the trial. It simply then appeared that the defendant had taken the office and exercised the functions of mayor of the city of Albany in obedience to the result of the election, as officially declared by legal authority. It is true that the verdict has declared that official declaration to be erroneous, but nothing whatever has yet been shown that the defendant's conduct has been otherwise than proper and becoming. Indeed, all this the present motion concedes, for it asks that the court shall, on a day to be named and fixed, proceed to inquire into the election, and its conduct, with a view to ascertain whether or not the defendant has been a participant in any fraud or misconduct. The court declines to enter upon any such inquiry, for the following reasons:

The People *ex rel.* Swinburne agt. Nolan.

*First.* No warrant for such a procedure can be found in any work or practice, or in any adjudged case to which the attention of the court has been directed, and diligent search by it for a precedent to justify the course which has been urged, has failed to find one.

An inquiry of the character suggested would be as tedious and as costly as a trial of the action, had it been fully contested. In the enactment of the section of the Code which has been given, which is a substantial copy of the Revised Statutes (2 *Edm.*, 606, *sec.* 48), it is not believed that any such proceeding was intended. It was assumed that. the evidence given upon the trial of the action would place the court in possession of all the facts upon which it would act, and if the proof given upon the trial shows nothing to justify the imposition of a fine, there is no procedure given to supply the omission.

*Second.* The section of the Code affimatively shows that no such proceeding would be proper. It provides for a final judgment upon the verdict with the "costs of the action," and "as a part of the" (*such*) "final judgment" it authorizes the imposition of the fine. That final judgment has been given, and no authority exists for a proceeding of this character after judgment. Even though the formal roll has not been made up, the connection which the section throughout maintains between the right to enter the judgment with costs, after the verdict, and as a part of it, to provide for a fine, shows that the statute was formed upon the supposition that the court would, when the verdict was rendered, be in possession of all the facts upon which to act in regard to the imposition of the fine. Nothing whatever contained in the section will warrant any such inquiry as that to which the court, by the proposed order, is invited.

*Third.* It is true that the court, after "final judgment" upon the title to the office had been rendered, has ordered an inquiry as to the damages which the relator has sustained by being kept out of possession of the office, but that is by force

of section 1953, which allows a recovery " in the same action," of such damages after "final judgment has been rendered upon the right and in favor of the person alleged to be entitled to recover." No such provision is contained in section 1956, upon which this application is made; on the contrary, such "final judgment" establishing the title of the relator to the office must contain the fine, if one be imposed, and such "final judgment" is the one to be "rendered" prior to the inquiry as to the damages under section 1953. Indeed, the provision by section 1953 for the recovery of the damages after "final judgment" and the failure to provide for one of the character now asked for, strengthens the conclusion already announced, that such an inquiry is unauthorized.

The reasons which have been briefly stated lead to the following conclusions: First. That no facts have been shown to justify the imposition of any fine upon the defendant; and, second. That the court has no power to institute the inquiry proposed; and that if it had such power, the costs and expenses of the long examination, which must necessarily be incurred by the parties and the county of Albany in the prosecution thereof, forbid, in the exercise of a sound discretion, any attempt to enter thereupon.