PEOPLE *ex rel.* BLACKHURST *et al. v.* WEEKS *et al.*

*(Common Pleas of New York City and County, Trial Term.* June 18, 1890.)

QUO WARRANTO—OUSTER FROM OFFICE—FINE.

    Under Code Civil Proc. N. Y. § 1956, which provides that on judgment of ouster from office in a corporation, the court may in its discretion impose a fine, such fine will not be imposed where it appears that the ousted incumbents held under regularly issued certificates of election, and the contest was in regard to the rejection of proper votes, and reception of improper votes.

Action in the nature of a *quo warranto* by the attorney general on the relation of James Blackhurst and others against Stephen R. Weeks and others to try defendant's title to the offices of church-wardens and vestry-men of the Protestant Episcopal Church of St. Stephen, a corporation. The complaint, after alleging the incorporation, etc., of said church, further alleged: "(4) That on the 7th day of April, 1890, at an annual election duly held by the said corporation pursuant to the statutes of this state, and the articles of incorporation and the by-laws of said corporation, and pursuant to a peremptory writ of *mandamus* duly issued from the supreme court, for the election of two church-wardens and eight vestry-men of said corporation for the term of one year from said date, the relator James Blackhurst and one Charles E. Fleming received respectively the greatest number of votes for

the said office of church-wardens, and were duly elected, · and the relator James Maclaury, Theodore E. Smith, William G. Gardner, William W. Warren, William J. Smith, and Woodruff Smith, and one William S. Watson, and one Charles Schroeder, received respectively the greatest number of legal votes for the said office of vestry-men, and were duly elected. (5) That on the 7th day of April, 1890, the defendant Stephen R. Weeks usurped the said office of church-warden, and has ever since unlawfully exercised the same, and withheld the same from the said relator James Blackhurst, and that on the said 7th day of April, 1890, the defendants Thomas F. Cock, Edmund K. Linen, Edmund Luis Mooney, Henry W. Mooney, S. Montgomery Pike, and William G. Smith, respectively usurped the said office of vestry-men, and have ever since exercised the same and withheld the same from the said relators James Maclaury, Theodore E. Smith, William G. Gardner, William W. Warren, William J. Smith, and Woodruff Smith." The prayer of judgment was that defendants be ousted from said offices, and that relators be adjudged entitled thereto. Defendants answered, admitting the incorporation, etc., of the church, and alleging: "That on April 7, 1890, the defendant Weeks and one Charles E. Fleming were duly elected wardens of said church and corporation, to serve as such until Easter Monday, 1891, and until their successors are elected, and at the same time the defendants Cock, Linen, Edmund Luis Mooney, S. Montgomery Pike, and William G. Smith, together with one Charles Schroeder and one William S. Watson, were duly elected vestry-men of said church and corporation, to serve as such during the term or time aforesaid, and thereupon at the time of said election, the rector of said church duly entered the proceedings of such election in the book of the minutes of the vestry of said corporation, and signed his name thereto, and offered the same to as many of the electors present as he thought fit, who thereupon signed and certified the same, and delivered said certificate to the persons aforesaid, including the defendants, pursuant to the statute in such case made and provided. * * * *Sixth.* That since the said April 7, 1890, these defendants have continuously occupied the offices to which they were respectively elected as aforesaid, and have performed the duties and functions of the same by virtue of the election aforesaid, and no person has been elected to succeed them or either of them. *Seventh.* For a further and separate defense these defendants allege that notice of said election was given on April 6, 1890, pursuant to a peremptory writ of *mandamus* issued in a proceeding brought in the supreme court in the name of the people of the state of New York on the relation of James Maclaury, one of the relators in this action, against A. Bloomer Hart, the rector of said church, and not otherwise." The answer concluded with a prayer that the complaint be dismissed, with costs. On the trial of the issues thus raised, the jury found for plaintiff, and a judgment of ouster was entered against defendants, and for costs in favor of relators. Plaintiff afterwards moved that a fine be imposed on defendants under Code Civil Proc. N. Y. § 1956, which provides that, "as a part of the final judgment of ouster from office, the court may, in its discretion, also award that the defendant, or, where there are two or more defendants, that one or more of them pay to the people a fine not exceeding two thousand dollars."

*Booraem, Hamilton & Beckett,* for relators.    *David Bennett King,* for respondents.

DALY, J.    Under the decision in *People* v. *Nolan*, 65 How. Pr. 468, it is doubtful whether, in an ordinary case of contested election, when the incumbents who are ousted hold office by virtue of a regularly issued certificate of election, and the contest is with regard to the rejection of proper votes or the reception of improper votes, the court should impose a fine under section 1956 of the Code. There are cases of intrusion into and unlawful usurpation of office without any color of right or authority in which the imposition of a fine

would be eminently proper. A distinction should be made between such cases and the one above referred to. I also deem it proper to leave the question of a new election to the court upon the application for a *mandamus*. The time for holding it can be decided at a later date. Application denied.